*United States v. Van Manen*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20ᵗʰ day of April, two thousand twenty-one.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

─────────────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 19-3521

PAUL VAN MANEN,

> *Defendant-Appellant.*\*

─────────────────────────────────────────────

FOR APPELLANT:                    DONALD J. YANNELLA III, ESQ.,
                                  New York, NY.

FOR APPELLEE:                     RYAN B. FINKEL (Catherine Ghosh,
                                  Danielle R. Sassoon, *on the brief*), Assistant
                                  U.S. Attorneys, *for* Audrey Strauss, United

─────────────────────────

\* The Clerk of Court is directed to amend the caption to conform to the above.

States Attorney for the Southern District
of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 16, 2019, is **AFFIRMED**.

Following a jury trial, Defendant-Appellant Paul Van Manen was found guilty of conspiring to distribute and possess with the intent to distribute heroin and fentanyl resulting in serious bodily injury and death, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and 841(b)(1)(C).[1] Van Manen appeals from the judgment of the United States District Court for the Southern District of New York (Crotty, *J.*), entered on October 16, 2019, sentencing him principally to a term of imprisonment of 276 months. Van Manen argues primarily that the District Court erred by (1) precluding testimony by his proposed expert, (2) admitting an inculpatory statement as an "excited utterance" under Federal Rule of Evidence 803(2), and (3) restricting the scope of his counsel's cross-examination of two witnesses and thereby violating the Sixth Amendment's Confrontation Clause. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

It is "the long held view of this Circuit that the trial judge is in the best position to weigh competing interests in deciding whether or not to admit certain evidence." *United States v. Sun Myung Moon*, 718 F.2d 1210, 1232 (2d Cir. 1983).[2] We thus review the District Court's evidentiary rulings "for abuse of discretion, and will reverse only for manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010); *United States v. Treacy*, 639 F.3d 32,

---

[1] This appeal was initially consolidated with that of Van Manen's codefendant, Michael Nunez. The Government moved to dismiss Nunez's appeal, however, and an order granting that motion was entered on December 11, 2020. *See* No. 19-706, Dkt. 159.

[2] Unless otherwise noted, in quoting caselaw this Order omits all alterations, citations, footnotes, and internal quotation marks.

42 (2d Cir. 2011) (applying abuse of discretion standard to evidentiary challenges brought under the Confrontation Clause).

First, the District Court acted well within its discretion when it precluded admission of the proffered testimony of Dr. Robert H. Powers, Van Manen's proposed forensic toxicology expert. It is a baseline requirement that expert testimony be based on "reliable principles and methods." Fed. R. Evid. 702; *see also Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265-67 (2d Cir. 2002). Van Manen failed to provide any basis for Dr. Powers's opinions and any explanation as to how they were reached. *Cf. id.* at 266. In addition, Van Manen has not shown any meaningful difference between his expert's proposed testimony and that of the Government's medical examiner regarding the mix of heroin and fentanyl that killed Ogno, and thus admission of his expert's testimony would have been cumulative.

Second, it is a close question whether the District Court erred by allowing Jessica Fyfe to testify that, when police arrived minutes after she found Ogno's body, she "ran over to them" and "told them, I know who did this, I'll tell you everything, I know where he lives, and his name is Paul." App'x 394-95. The District Court admitted this as an "excited utterance," *see* Fed. R. Evid. 803(2), and the Government maintains that Fyfe had the requisite personal knowledge to satisfy Federal Rule of Evidence 602 based on her repeated trips with Ogno to obtain drugs from Van Manen, among other things. Van Manen objects that Fyfe's statement was unduly speculative because it was based on her long-term observations, not any specific knowledge Fyfe had of Van Manen supplying the drugs that caused Ogno's death on that particular day.

Even if the admission of Fyfe's statement was error, we comfortably conclude that any error was harmless. The case against Van Manen was very strong: Financial records and a text exchange between Ogno and Van Manen showed that, on the day of Ogno's death, Van Manen sold Ogno a "bunny"—which Van Manen acknowledged was code for a bundle of heroin. App'x 306, 316, 569-70. Only hours after the sale, Fyfe discovered Ogno's body at his home, where police also found evidence of a heroin bundle near his body that, in the Government's words, "bore the hallmarks of heroin distributed by the [drug trafficking organization]" of which Van Manen was a part. Government's Br. 10. As testimony

3

produced at trial revealed, a heroin bundle sold by Van Manen "[t]ypically" consisted of stamp-free "white glassine bags folded in half with a rubber band to keep it together." App'x 458; *see also id.* 241, 249-50, 342-43, 425-26 (describing these features as uncommon). This description matched the drug evidence found at the place of Ogno's death. *See* Government Ex. 211 (photograph of such bags). On this record, Van Manen suffered no undue prejudice from the admission of Fyfe's statement.

Finally, we reject Van Manen's argument that his Sixth Amendment rights were violated by the District Court's modest limitation on the defense's cross-examination of Detectives Arthur Truscelli and Daniel Slevin. The District Court stopped counsel from trying to elicit from the detectives a statement made by Fyfe during a police interview, that Ogno's brother told her Ogno asked him for the contact information of a drug dealer other than Van Manen on the morning of Ogno's death. Van Manen maintains that his counsel could have invoked Ogno's request to his brother to show bias in the investigation by implying that the police improperly failed to investigate a possible source of the fatal drugs other than Van Manen. Even assuming some basis for admitting such nested hearsay, however, this statement had at best limited probative value. Moreover, Van Manen was able to impeach the detectives' testimony and raise questions about the integrity of the investigation when he cross-examined the two detectives without using the alleged statement. *See United States v. Estrada*, 430 F.3d 606, 621-22 (2d Cir. 2005). The Confrontation Clause "guarantees a criminal defendant the right to cross-examine government witnesses at trial," *United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008), but it does not "guarantee unfettered cross-examination," *Alvarez v. Ercole*, 763 F.3d 223, 230 (2d Cir. 2014). On this record, we cannot say the District Court's decision to limit Van Manen's cross-examination of Detectives Truscelli and Slevin exceeded the permissible bounds of its discretion.

* * *

4

We have considered Van Manen's remaining arguments and find in them no basis for vacatur. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court